No. 23,697.

BROOKS TAYLOR, *Appellant,* v. ALMA HILL HIXON et al., *Appellees.*

SYLLABUS BY THE COURT.

CONTRACT—*Completion by Correspondence.* To enter into a contract by correspondence, there must be a definite proposition from one side and an unqualified acceptance by the other side.

Appeal from Elk district court; ALLISON T. AYRES, judge. Opinion filed May 6, 1922. Affirmed.

*S. B. Amidon, E. D. Mikesell, S. A. Buckland, H. W. Hart,* and *Glenn Porter,* all of Wichita, for the appellant.

*J. T. Cooper, J. L. Stryker,* both of Fredonia, *S. H. Piper,* and *W. B. Grant,* both of Independence, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff sought to compel the specific performance of a contract for the execution of an oil and gas lease and to recover damages for refusing to comply with the terms of the contract. Judgment was rendered in favor of each of the defendants on their separate demurrers to the petition of the plaintiff, who appeals.

The principal question presented is, Was there a contract to execute an oil and gas lease? There was much negotiation by

correspondence consisting of letters and telegrams containing propositions and counterpropositions, without any agreement, unless one was made by correspondence taking place between March 7, 1920, and April 4, 1920. In a letter dated March 7, the plaintiff offered Mrs. Hixon $1,010 for a lease and requested that, if she sign the lease, she should send it to the Wilson County Bank at Fredonia with instructions to turn the lease over to the plaintiff on the payment of that amount. The plaintiff requested twenty days in which to look over the records in Elk county before taking up the lease. On March 11, Mrs. Hixon wrote the plaintiff refusing to give twenty days for an examination of the records but offered to give two or three days and stated in the letter, "When I sign after some changes in the lease, I will expect draft from you. Will send contract to Wilson County Bank. Kindly let me hear from you on receipt of this." On March 26, Mrs. Hixon wrote the plaintiff and informed him that she had signed the lease and sent it to the Wilson County Bank. On March 27, the plaintiff wired Mrs. Hixon as follows, "Will accept oil lease on terms of your last letter. Wire me my expense when you start lease so I can take care of draft and get abstract ready." The plaintiff had not then received the letter from Mrs. Hixon dated March 26, and the telegram must have been in response to Mrs. Hixon's letter dated March 11. On March 29, the cashier of the Wilson County Bank wrote the plaintiff that the bank had the oil and gas lease and a draft for $1,010. On April 4, the plaintiff wrote Mrs. Hixon that he had obtained an abstract of the land, that Mrs. Hixon's title to the land was bad, and that delay would be necessary. Some further correspondence took place, but it is immaterial. On April 22, 1920, the plaintiff was informed by the Wilson County Bank that Mrs. Hixon refused to proceed further. This action was afterwards commenced.

An examination of the correspondence, so far as it is set out, will reveal that each letter or telegram contained an additional stipulation which must be agreed to before a binding contract can be said to have been made. The correspondence does not show a definite proposition from one side and an unqualified acceptance by the other.

Another difficulty is that the correspondence concerned a lease and not a contract for a lease. There was no offer made to enter into a contract for a lease. The offers that were made were for the purpose of entering into a lease. Each letter and telegram con-

16—111 KAN.

cerned the conditions under which it would be made; they did not concern the terms and conditions of a contract providing for the execution of a lease. A lease was signed, but it was not delivered, and there was no contract for its execution. The demurrers were properly sustained; the plaintiff cannot recover.

The judgment is affirmed.